IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES S. RENCHENSKI, | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-38-KAP |
| SUPERINTENDENT McGINLEY, S.C.I. | : |
| COAL TOWNSHIP, | : |
|     Respondent | : |

Memorandum Order

Petitioner's motion at ECF no. 10, insofar as it seeks my recusal, is denied as it is neither timely nor sufficient.

Petitioner in this habeas matter is challenging his conviction for murder and life sentence in Commonwealth v. Renchenski, CP-17-CR-481-1982 (C.P. Clearfield) in what is *prima facie* a second or successive petition. The Court previously had petitioner's habeas petition attacking that conviction and sentence before it in Renchenski v. Varano, Case No. 3:10-cv-217-KRG-KAP (W.D.Pa. April 30, 2015), *certificate of appealability denied sub nom.* Renchenski v. Superintendent Coal Township SCI, No. 15-2252 (3d Cir. December 4, 2015), *cert. denied sub nom.* Renchenski v. Mooney, 137 S.Ct. 338 (No. 16-5632, October 17, 2016).

When a second or successive habeas petition is filed in a district court without the permission of a court of appeals, the district court can dismiss the petition or transfer it to the court of appeals for consideration under 28 U.S.C. §2244. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); *see also* Stauffer v. Coleman, 2013 WL 5658365 at *3 (W.D. Pa. Oct. 15, 2013)(cataloging different court of appeals procedures). I transferred the petition to the Court of Appeals because I had done that before without objection and believe that like changes of venue routinely ordered *sua sponte* by Magistrate Judges, *see* Fears v. Jenkins, 2017 WL 1177609, at *2 (S.D. Ohio Mar. 30, 2017), it is a nondispositive order.

On April 18, 2023, a panel of the Court of Appeals, at In Re: Charles S. Renchenski, No. 23-1461 (3d Cir. April 18, 2023), finding that regardless of Robinson v. Johnson the matter was transferred to the Court of Appeals too soon (it should not have been transferred before petitioner had an opportunity to file objections to the transfer) and ordered the Clerk of the Court of Appeals to transfer the matter back, directing the use of the procedure used in 2015 by Magistrate Judge Mitchell and Judge Conti in Jerry-El v. Luther, Case no. 82-2357 (W.D.Pa), *subsequent proceedings at* In re: Jerry-El, No. 15-2898 (3d Cir. December 22, 2015)(unpublished). Henceforth I will do that. The Clerk

shall assign this matter to a District Judge with the reference back to me. I will file a Report and Recommendation.

Meanwhile, petitioner has filed a motion for my recusal in this case. The petitioner makes three claims: my vacated transfer of the matter to the Court of Appeals showed bias against him, Motion 3-8, my rulings in the original habeas petition showed bias against him, Motion 8-20, and my rulings in the 2017 Rule 60(b) proceedings showed bias against him, Motion 20-24.

I think I have explained the transfer to the Court of Appeals. Whether the Court of Appeals holds that I misapplied the Magistrate Judges Act or Robinson v. Johnson, or decides that the procedure I used was not correct in light of an unpublished decision from 2015, my attempt to get this matter before the Court of Appeals for review under Section 2244 is not any extrajudicial matter on which any sufficient motion to recuse or disqualify can be based.

As for my handling of the original petition, the instant motion by petitioner is a re-run of the motion for recusal in the petitioner's attempt in 2017 to proceed with a successive petition by filing a Rule 60(b) motion. *See* pages 7-36 in ECF no. 57 in Renchenski v. Varano, Case No. 3:10-cv-217-KRG-KAP. In that case I denied recusal and Judge Gibson denied the motion for his recusal, and the panel that denied the certificate of appealability held that both those actions were not an abuse of discretion. *See* Renchenski v. Varano, Case No. 3:10-cv-217-KRG-KAP (W.D.Pa. September 29, 2017)(denying Rule 60(b) motion to vacate), *certificate of appealability denied sub nom*. Renchenski v. Superintendent Coal Township SCI, No. 17-3259 (3d Cir. January 23, 2018), *cert. denied sub nom*. Renchenski v McGinley, 139 S.Ct. 417 (No. 18-5672, October 29, 2018). Nothing has changed in the last five plus years, and petitioner even deletes the one extrajudicial claim of bias that he made in the filing in this court 2017.

Finally, petitioner's version of the Rule 60 proceedings in 2017 and his claims that I made errors in 2017 were either raised in the unsuccessful attempt to obtain a certificate of appealability in late 2017 and early 2018, or they were not. If they were raised in 2017, then the panel decision cited above disposed of them. If they were not, they certainly are not timely raised. And as with the other two bases for recusal, they are attacks on my judicial decisions, decisions that had no force unless approved by others, and therefore are not a sufficient basis for disqualification or recusal.

Judicial rulings and case administration orders in the course of judicial proceedings that neither rely on knowledge from sources outside such proceedings nor display "unequivocal antagonism that would render fair judgment impossible" are no basis for a motion for recusal. Liteky v. United States, 510 U.S. 540, 555-56 (1994). Bias

cannot be based on repeated adverse rulings. Kirlew v. Att'y Gen. of U.S., 267 Fed.Appx. 125, 128 (3d Cir. 2008). If adverse judicial rulings, even ones later decided to be incorrect ones, were evidence of bias, that would create the destructive incentive to file meritless motions just so that one could cite their denial as evidence of bias. Because petitioner offers nothing else, his motion is inadequate under both 28 U.S.C.§ 144 and 28 U.S.C.§ 455.

Pursuant to 28 U.S.C.§ 636(b), the petitioner can appeal this nondispositive ruling to the District Judge presiding over this case.

DATE: May 10, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record, and by U.S. Mail to:

Charles S. Renchenski AP-8124
S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA 17866